NEIL D. STALEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Staley v. Commissioner
Docket No. 24506-90
United States Tax Court
T.C. Memo 1991-409; 1991 Tax Ct. Memo LEXIS 430; 62 T.C.M. (CCH) 563; T.C.M. (RIA) 91409; August 20, 1991, Filed *430 Decision will be entered under Rule 155. Neil D. Staley, pro se. Richard W. Kennedy, for the respondent. DINAN, Special Trial Judge. DINAN
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 1,324.00 in petitioner's Federal income tax for the taxable year 1987 and additions to tax pursuant to sections 6651(a)(1), 6653(a)(1)(A), 6653(a)(1)(B), and 6654(a). Concessions having been made by the parties, the issues for decision are: (1) Whether petitioner is entitled to claimed business expenses for mileage, lodging, and lot rent for 1987; and (2) whether petitioner is liable for certain additions to tax for 1987. Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated *431 by this reference. Petitioner resided in Evanston, Wyoming, at the time he filed his petition. Petitioner was employed in the construction business as a boilermaker and in other capacities during 1987. During 1987, he was employed on several different occasions for short periods of time. In particular, petitioner worked at the following locations in 1987 for the periods indicated: Location
From
To
Delta, Utah
January 16
January 17
Salt Lake City, Utah
March 18
April 8
Huntington, Utah
April 13
May 1
Billings, Montana
May 5
May 18
St. Marys, Kansas
September 28
October 6
Huntington, Utah
October 9
November 22
Delta, Utah
November 30
December 7
Petitioner testified that he maintained a trailer home on a lot in Evanston, Wyoming, to which he returned during the periods when he was not employed. The lot on which petitioner's trailer was kept belonged to a friend of petitioner. Petitioner did not pay any lot rent for the time when his trailer was kept on the lot. The only expense which petitioner incurred when his trailer was on the lot was the cost of utilities while he was there. Throughout 1987, petitioner used his truck to travel between various job sites and *432 Evanston. On certain of his jobs, petitioner towed his trailer from Evanston to the job site where he lived in lieu of a hotel near the job site. Petitioner testified that he towed the trailer because the cost of a lot for the trailer was considerably less than the cost of a motel, even including the extra gas it cost to tow the trailer. With respect to the nature of the jobs on which he worked, petitioner testified that he was generally told that the job would last one or two weeks. In addition, petitioner stated that the actual length of time he worked on a job was usually less than the time he was told that the job would last. In order to substantiate the expenses claimed by petitioner, he submitted a log which included mileage, hotel costs, and the cost of lots where he parked his trailer. Petitioner did not retain any receipts to support the expenses claimed. Respondent argues that petitioner is not entitled to any business expenses claimed because he failed to substantiate them. In the alternative, respondent contends that petitioner is not entitled to any of the deductions claimed because they were not incurred while petitioner was away from home. In particular, respondent *433 claims that petitioner was an itinerant worker whose "tax home" was wherever he worked. Deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving his entitlement to any deductions claimed. ; ; Rule 142(a). As a general rule, deductions for personal living expenses are disallowed under section 262. Section 162(a)(2), however, allows deductions for traveling expenses if the expenses are (1) ordinary and necessary, (2) incurred while "away from home", and (3) incurred in pursuit of a trade or business. . In this case we must decide whether the expenses at issue were incurred while petitioner was away from home. The two prerequisites necessary to establish that one is away from home are that the employment away from home is temporary, not indefinite, , affg. , and that the taxpayer actually has a home from which he is away. . *434 Respondent does not raise the issue of whether petitioner's employment was temporary or indefinite; he only argues that petitioner was an itinerant worker who had no permanent home. In this respect, it has been held that an itinerant taxpayer who has no fixed place of residence or business locality, travels with his home "on his back" for purposes of section 162(a)(2). , cert. denied ; ; ; . Thus, an itinerant taxpayer may not deduct his traveling expenses under section 162(a)(2) because he travels with his home, not away from it. In making a determination of where a taxpayer's home is for section 162(a)(2) purposes, an examination of the taxpayer's contacts with his alleged home must be made. In the context of section 162(a)(2), the taxpayer must show that he incurred substantial continuing living expenses at a permanent place of residence. . *435 This requirement is in harmony with the purpose underlying section 162(a)(2), i.e., to ease the burden which falls upon the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incurs additional and duplicative living expenses. ; ; ; . Here, we are convinced that Evanston, Wyoming, was not petitioner's tax home for 1987. The record is clear that petitioner did not have any expenses in Evanston while he was not actually present there. The only expenses which petitioner incurred were those when he was physically present. Petitioner did not incur any of the duplicative expenses which the "away from home" concept of section 162(a)(2) is intended to cover. ; . Since petitioner did not have a permanent tax home, his tax home was wherever he *436 happened to be living at a given time. While we recognize that petitioner had personal ties to Evanston, for us to find that Evanston was his tax home "would place petitioner's home where his heart lies and render section 162(a)(2) a vehicle by which to deduct the full spectrum of one's personal and living expenses." ; , affd. . Accordingly, we hold that petitioner was an itinerant worker without a "home" for Federal income tax purposes in 1987, and we sustain respondent on this issue on this basis. We need not, therefore, decide whether petitioner substantiated his claimed expenses. The last issue for decision is whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1), 6653(a)(1)(A), 6653(a)(1)(B) and 6654(a). The addition to tax under section 6651(a)(1) is applicable to the failure to timely file a return. Petitioner bears the burden of proving that he did in fact timely file a return. Rule 142(a). Since petitioner has not even asserted that he did in fact file a return, we find *437 that he did not timely file a return, and we sustain the imposition of the section 6651(a)(1) addition to tax. Section 6653(a)(1)(A) imposes an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1)(B) imposes a further addition to tax in an amount equal to 50 percent of the interest due on the portion of the underpayment attributable to negligence. Negligence has been defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner bears the burden of proving that he was not negligent. ; Rule 142(a). Petitioner has failed to offer any information by way of testimony or other evidence pertaining to this issue. Thus, we hold that petitioner has failed to carry his burden of proof, and we sustain respondent's determination on this issue. Section 6654(a) imposes an addition to tax for any underpayment of estimated tax by an individual. Where prepayments of tax, either through withholding *438 or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition to tax is generally mandatory, unless the taxpayer shows that one of several statutory exemptions applies. . Since petitioner has made no such showing, we sustain respondent's determination of the section 6654(a) addition. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩